González *v*. The People.

Appeal from the District Court of Aguadilla.

No. 89.—Decided April 25, 1906.

PROCEEDING TO ESTABLISH OWNERSHIP—SERVICE OF SUMMONS UPON GOVERNOR OF PORTO RICO.—Proceedings to establish ownerhsip are not suits against The People of Porto Rico in such a sense as to make it necessary to summon the Governor of Porto Rico in compliance with the provisions of section 93 of the Code of Civil Procedure.

ID.—NATURE OF PROCEEDING.—Proceedings to establish ownership are special proceedings provided for by the Mortgage Law to afford property owners without recorded titles of ownership the means of obtaining such records of their rights, by showing in a proceeding to be held with the attendance of the *fiscal* and after service of summons upon the former owners of the real property, upon any person having a right therein, and upon all persons who might be prejudiced by the record sought.

EFFECTS OF JUDGMENTS RENDERED IN PROCEEDINGS TO ESTABLISH OWNERSHIP—RIGHTS OF THE PEOPLE OF PORTO RICO.—Where the *fiscal* believes or has knowledge of the fact that by means of a proceeding to establish ownership it is sought to record in favor of the petitioner real property which belongs to The People of Porto Rico, he has sixty days within which to oppose the same, and even after the ownership of property has been declared in the petitioner and the same has been recorded in his favor, inasmuch as judgments rendered in this class of proceeding do not constitute *res adjudicata*, The People of Porto Rico, like any other interested party, may bring an ordinary action to set aside the declaration of ownership so established, and to have the record made in favor of the plaintiff, with such pronouncements as may be proper in the premises.

ID.—OBJECT OF INTERVENTION OF FISCAL.—The object of intervention by the *fiscal* in proceedings to establish ownership is not only to see that the law is complied with in all respects, but also to afford him an opportunity to defend the interests of The People of Porto Rico in any case where he believes that the same may suffer by reason of the acts of petitioners in proceedings to establish ownership.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On December 17, 1904, Ramón Herminio Gonzáles commenced proceedings in the District Court of Aguadilla to establish his ownership of a lot and the house thereon situated, on Comercio street, of the town of Lares, in order that he might record the said house and lot in the registry of property; the said proceedings were admitted and the *fiscal* and the persons who might have a right to the real estate referred to, or who might be prejudiced by the recording of the ownership thereof having been cited, the latter by means of notices, in order that they might exercise their rights within the period of sixty days from the date of the publication of the first notice and the said period having expired without any opposition having been made by any person whatsoever, the record was turned over to the district *fiscal,* who appeared and opposed the same asking that the proceedings be suspended and all the proceedings had up to that time be declared null and void; alleging that the Governor of Porto Rico had not been cited, as it was necessary to do in accordance with paragraph 52 of section 93 of the new Law (Code) of Civil Procedure in all suits to which The People of Porto Rico is a party; that by reason of this defect in the proceedings no opportunity had been given to The People of Porto Rico to make the necessary search in the archives of the Commissioner of the Interior, where all records relative to the properties of The People Porto Rico are to be found, and to make opposition thereto if proper; that The People of Porto Rico is called

upon to give the title of ownership sought, and should therefore be cited and heard; that The People of Porto Rico had not been legally represented in this case, inasmuch as in accordance with section 64 of the Political Code the Attorney General must represent The People of Porto Rico in all civil actions, and that it had not been legally represented in this case.

The judge of the said court denied the motion on the following grounds:

"In open session on the 7th day of July, the court, deciding the motion filed by the *fiscal* in this proceeding, makes the following order:

"After hearing and reading the motion filed by the *fiscal,* wherein he urges the annulment of the proceedings on the ground that the Civil Governor was not cited; after hearing Ramón Herminio González through his attorney, Carlos Franco Soto, in opposition to the motion, and the arguments of the parties; after an examination and reading of section 85 of the Law of Special Proceedings, which was passed after the Law of Civil Procedure, which leaves in force the special proceedings provided for in the Civil Code, the Mortgage Law and its Regulations, and in any other law in so far as not provided for therein; after having read article 395 of the Mortgage Law and those sections of the Organic Regulations in reference thereto, none of which style as a complaint the petitions for dominion title, but which call them 'writings;' and after hearing all the allegations made the judge does not render a judgment, but merely makes an order; and considering that a proceeding to obtain a title of ownership is not commenced by filing a complaint and that in this proceeding no answer is required in order to apply thereto the rules contained in the Code of Civil Procedure, as provided by section 36 of said law; after a careful examination of section 3 of the law approved March 3, 1904, in which it is provided that it is the duty of *fiscals* to prosecute in their respective districts all civil actions in which The People of Porto Rico is concerned, and perform all other duties conferred upon them by law and commissions of the Attorney General; and after considering that in proceedings to obtain titles of ownership the period of sixty days provided for by general order is allowed to the parties in which to prepare their claims; and finally, taking into consideration that no issue is raised by the parties in this case, because

there is no real issue, but only the omission of a certain proceeding, this proceeding not being in force since the Law of Special Proceedings was approved on the 9th of March of this year to take effect immediately after its enactment; it is ordered by this court that the motion of the *fiscal,* representing The People of Porto Rico, be dismissed.''

Subsequently the judge made an order under date of July 30th last approving the proceeding, and an appeal having been taken by the district *fiscal,* which was supported by the *fiscal* of this Supreme Court on the same grounds alleged by the district *fiscal,* the hearing was had and the record was brought up for decision in accordance with law.

The undersigned judge is in all respects in accord with the decision of the district judge of Aguadilla made in the order under consideration. In this proceeding we are not considering an action against The People of Porto Rico, in which case it would be necessary to cite the Governor in accordance with the provision of paragraph 5 of section 93 of the new law of Civil Procedure, but we are considering a special proceeding established by the Mortgage Law in its article 395 affording an opportunity to property owners, without a recorded title of ownership thereto, to record their rights by establishing, after a hearing in the presence of the *fiscal* and citation by the publication of notices of the former owners of the real estate, of all persons having any real right therein, and of all persons whom the record sought might prejudice, in order that they may appear and present their evidence in the exercise of their rights within the period of sixty days granted by the judicial order of April 4, 1899.

So that if the *fiscal* believes, or has knowledge of the fact, that the real estate sought to be recorded in favor of the petitioner belongs to The People of Porto Rico, he has the period of sixty days within which to oppose the declaration of ownership sought. Furthermore, after the ownership thereof is declared and recorded in favor of the petitioner, inasmuch as the judgment rendered in this class of proceedings,

which come under the voluntary jurisdiction, do not constitute *res adjudicata,* The People of Porto Rico, as well as any other interested party, may bring an ordinary action to set aside the declaration of ownership so established and to have the same declared in favor of The People of Porto Rico, and for such other decision as may be proper.

It will thus be seen that in this class of proceedings The People of Porto Rico is not left without representation and defense as claimed. On the other hand, according to the provisions of the act of the Legislative Assembly of this Island, approved March 13, 1904, the People of Porto Rico has in each judicial district a *fiscal* to represent it and whose duty it is to prosecute all civil actions in which The People of Porto Rico are concerned, and to perform all other duties conferred on them by law; and in accordance with the provisions of article 395 of the Mortgage Law this class of proceedings can only be had with the attendance of the *fiscal,* not only that he should see that the law is complied with in all respects, but in order that he may at all times defend the interests of The People of Porto Rico when in his belief such interests may be impaired by the petitioners in such a proceeding.

Surely it is for these reasons that it has not occurred to any court up to the present time to doubt that this class of proceedings are in force even after the new Code of Civil Procedure went into effect; and there is less reason now than ever before for this doubt to arise in view of the provisions of section 85 of the Act of the Legislative Assembly of this Island, approved March 9, 1905, in regard to special proceedings, wherein it is provided that "the special proceedings established in the Civil Code, in the Mortgage Law and its Regulations, and in any other law, in so far as not provided for by this act, shall remain in force; and therefore we have the special proceedings established by article 395 of the Mortgage Law in force so that property owners, without a written title of ownership, may establish their ownership in a judicial

proceeding, which, after approval, may be recorded in the registry of property.

In view of these considerations the undersigned judge is of the opinion that the order appealed from should be affirmed without costs.

*Affirmed.*

Justices Hernández, Figueras and Wolf concurred.
Mr. Justice MacLeary dissented.

DISSENTING OPINION OF MR. JUSTICE MACLEARY.

The complainant in this case, Ramón Herminio González, on the 17th of December, 1904, brought suit in the District Court of Aguadilla to determine his title of ownership to a house and lot located on Comercio street, in the town of Lares, and to record his title of ownership in the register of properties in accordance with article 395 of the Mortgage Law. The district attorney of that district appeared and objected to the proceeding on the ground that the Governor of Porto Rico had not been cited in accordance with section 93 of the Code of Civil Procedure. At the opening of the session of court on the 17th of July, 1905, the judge, in deciding the motion presented by the *fiscal,* rendered the following judgment:

"This court, after a careful examination of the motion presented by the *fiscal,* by which he urges the annulment of the judicial proceeding for the reason that the Honorable Governor of Porto Rico was not notified; and after hearing the petitioner, Ramón Herminio González, represented by his attorney, Carlos Franco Soto, and the arguments alleged by both; after an examination and careful consultation of section 85 of the law of Special Proceedings, which was approved after and *revives* the special proceedings established in the Civil Code, the Mortgage Law and its Regulations, and in any other law, in so far as not provided for therein; after having read section 395 of the Mortgage Law and those sections of the Regulations in reference thereto, none of which sections style the petition for dominion title a complaint but a writing; and after hearing the allegations made

in a petition of this sort, the judge does not render a judgment, but merely makes an order; and considering that a proceeding to obtain a title of ownership is not commenced by filing a complaint and that in this proceeding no answer is required in order to apply thereto the rules contained in the Code of Civil Procedure, as provided by section 36 of said law; after a careful examination of section 3 of the law approved March 3, 1904, in which it is provided that it is the duty of the district attorneys to prosecute in their respective districts all civil actions in which The People of Porto Rico is concerned, and perform all other duties conferred upon them by law, and commissions of the Attorney General; and after considering that in proceedings to obtain title of ownership a period of sixty days, provided for by general order, is allowed to the parties to prepare their claim; and, finally, taking into account that no issue is raised by the parties in this case, because there is no real opposition, but only the omission of a certain procedure, and this procedure is not in force since the law of special proceedings was approved the 9th of March of this year, to take effect immediately after its enactment; it is ordered by this court that the motion of the district attorney, representing The People of Porto Rico, be dismissed.''

On the 31st of July the trial judge in the District Court of Aguadilla granted the complaint of the plaintiff herein, and entered judgment to that effect. And from this judgment the district attorney took an appeal to this court, which appeal was ratified and prosecuted by the *fiscal* of this court, under direction of the Attorney General.

The Chief Justice in his opinion says: ''The writer has the same opinion as the district judge of Aguadilla in regard to the decision of this case.'' He then proceeds to elaborate the arguments set forth by the district judge, and to give reasons in his own words for the correctness of the judgment rendered by the court below.

I do not regard the arguments made in support of this judgment as sound or logical, and I cannot agree with the conclusion at which the majority of the court arrived in affirming the judgment of the court below.

Entertaining views at variance with my colleagues, it devolves upon me to give my reasons for the same.

It is claimed that this is not a suit, nor an action against The People of Porto Rico, but only an information, and for that reason does not require a summons to be issued and served in accordance with paragraph 5, section 93, of the Code of Civil Procedure, but that proceedings may be taken and followed as provided in section 395 of the Mortgage Law.

In my view this is clearly an action affecting the title or right of possession of real estate, and The People of Porto Rico is made a party because the title to all lands in Porto Rico which are not vested in some other person, are vested in the People of Porto Rico, and if any party desires to establish title to lands to which no written title is extant, The People of Porto Rico must be cited to make any objection which may exist to the title which the claimant may present, and for this reason this is clearly an action against The People of Porto Rico, and under section 93, paragraph 5, the summons must be served by delivering a copy thereof to the Governor of Porto Rico. That formality has not been complied with in this case. Title VI of the Code of Civil Procedure now in force treats of the manner of commencing civil actions in the courts of Porto Rico. Section 89 therein provides for the issuance of a summons and what it shall contain. Section 91 sets forth that in an action affecting the title or right of possession to real property, the plaintiff at the time of filing the complaint, and the defendant at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time thereafter, may file a notice of the pendency of the action with the registrar. Section 92 provides for the service of summons, in a general way, and is followed up by the provisions of section 93, to which I have heretofore adverted.

To my mind this proceeding is clearly an action, because an action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or the protection of a right; or the redress or prevention of a

wrong; or the punishment of a public offense. The term "action" has been defined by Mr. Bouvier, in volume 1 of his dictionary, on page 88, to be "The formal demand of one's right from another person or party, made and insisted upon in a court of justice. In a quite common sense, action includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person or party of another in such court, including an adjudication upon the right and its enforcement or denial by the court." In the Institutes of Justinian an action is defined as "The right of pursuing in a judicial tribunal what is due to one's self." (Institute 4, 6.).

The Code of Civil Procedure of Porto Rico was intended to set forth the manner of the commencement and prosecution of all civil actions, and clearly included such proceedings as the present one, as is shown at least inferentially by every line, paragraph and section of the said Code. It is said in section 100: "The forms of pleadings in civil actions, and the rules by which the sufficiency of the pleadings is to be determined, are those prescribed in this Code." Title VIII treats of the provisional remedies in civil actions, Title IX of the trial and judgments in civil actions, and so on throughout the Code from the beginning to the end, showing plainly the scope and purpose of said Code.

This question has been fully discussed by me in my dissenting opinion in the case of *Giménez* v. *Brenes* (*ante* p. 124), dated 26th of February of the present year. In the same manner, and for the same reasons the decision rendered by the court in this case must be held to be a judgment, and not a mere order. An order is defined by the Code of Civil Procedure, section 315, to be "any direction of a court or judge made or entered in writing and not included in a judgment." (See Code of Civil Procedure, p. 217.)

By section 188 of the Code of Civil Procedure a judgment is defined to be "a final determination of the rights of the parties in an action or proceeding." Then nothing could be clearer than that the decision rendered by the district court in

this case is a judgment, and no refinement of language can make it anything else.

But it is assumed in the court below, and supported in this court, that section 395 of the Mortgage Law was not modified or repealed by section 95 of the Code of Civil Procedure or any other law. It would seem hardly necessary to reiterate the arguments which I used in my dissenting opinion in the case of *Giménez* v. *Brenes,* above referred to, which tend to show that certain sections of the Mortgage Law, necessarily including section 395, have been modified or repealed by the Code of Civil Procedure, and that all such proceedings when so modified must be by appropriate actions in accordance with the last-named Code.

The claim that section 85 of the Law of Civil Procedure revives the special proceedings established in the Mortgage Law and its Regulations is also effectually disposed of, to my satisfaction at least, in the said dissenting opinion in regard to the Mortgage Law above quoted. Section 36 of the Code of Civil Procedure is quoted as authorizing the trial court to disregard the provisions of the said code, and to hold in force the provisions of the Mortgage Law. This to my mind is clearly a distortion and an undue warping of the said section of the Code. That section is intended merely to confer upon a trial judge, or upon a judge of this court, a sound judicial discretion to proceed in accordance with law, where the course of proceedings is not specially pointed out by the Code, but such proceeding must be adopted as appears to be most conformable to the spirit of this Code—that is to say, the Code of Civil Procedure; and where the Code of Civil Procedure especially and directly prescribes that certain proceedings shall be taken, for instance, the service of a summons, as set forth in section 93, no judge of any court has a right to disregard the provisions of the statute and follow his own inclination or his preconceived opinion of what should best be done under the circumstances. It is the duty of the courts, as has been repeatedly announced by the greatest jurists, to follow the

laws made by the legislature, and not by judicial construction or otherwise, to make laws for themselves.

The main question in this case may be held to be one of the constitutionality of such a proceeding as that designated under section 395 of the Mortgage Law. A proceeding which authorizes a decision in regard to the rights of a party without notifying such party, in the terms prescribed by the law, is clearly to deny him his day in court, and is not due process of law; nor is it in accordance with the law of the land, as set forth in the famous *Dartmouth College* case, and in many other cases, following the doctrine therein announced. Reference may be had to the very able opinion of the Supreme Court of the United States in the celebrated case of *Hurtado v. California,* 110 U. S., 335, 336. I have also heretofore discussed this feature of the Mortgage Law in the dissenting opinion hereinbefore referred to, and it is unnecessary to reiterate the discussion there made.

For the reasons herein given, and given more extensively in the dissenting opinion of which repeated mention has been made herein, I cannot concur in the judgment herein rendered, nor in the opinion on which the same is based.